IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JUSTIN M. VANDERWERF,

          Plaintiff,

                                                                       OPINION AND ORDER
                                                                         08-cv-358-bbc

     v.

PLANET ECLIPSE, LTD., WORR
GAME PRODUCTS, INC., A+
ANODIZING & P8NTBALL
PRODUCTS, INC., ABC INSURANCE
COMPANY, DEF INSURANCE
COMPANY and GHI INSURANCE
COMPANY,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief brought by plaintiff Justin Vanderwerf against defendants Planet Eclipse, Ltd., Worr Game Products, Inc., A+ Anodizing & P8ntball Products, Inc., ABC Insurance Company, DEF Insurance Company and GHI Insurance Company in the Circuit Court for Polk County, Wisconsin. On June 20, 2008, defendant Planet Eclipse, Ltd. removed the case to this court under 28 U.S.C. §§ 1332, 1441 and 1446, asserting that there was complete diversity between plaintiff and defendants and that "it had

1

learned informally" that the amount in controversy exceeded $75,000. The other defendants did not join in the removal.

Plaintiff moved to remand the case, contending that the removal was untimely and also invalid because all defendants did not join in the motion, as required by 28 U.S.C. § 1446(a). I agree with plaintiff that the removal was untimely; I need not decide whether the removal complied with § 1446(a) because plaintiff concedes in his reply brief that all named defendants now consent to removal.

Plaintiff did not make his timeliness argument until he filed his reply brief. Because this was a new argument, I granted the motion of defendants Planet Eclipse, Worr Game Products, Inc. and A+ Anodizing & P8ntball Products, Inc. to file a surreply brief to address plaintiff's new arguments.

The following facts are taken from the parties' pleadings and submissions.

BACKGROUND

Plaintiff alleged in his complaint that he suffered personal injuries as a result of using a defective trigger mechanism in his paintball gun, a WGP Paintball Autococker Marker, and that defendants are liable for his consequent personal injuries. He alleged that defendant Worr Game manufactured plaintiff's paintball gun; defendant Planet Eclipse manufactured the trigger mechanism; defendant A+ Anodizing sold the trigger mechanism to plaintiff; and

2

defendants ABC Insurance Company, DEF Insurance Company and GHI Insurance Company provided liability insurance to the other defendants. Plaintiff did not specify in his complaint the type of injuries he sustained or the amount of damages he was seeking. Plaintiff's complaint listed an address for plaintiff in Wisconsin and addresses for defendant Planet Eclipse in Rhode Island, for Worr Game in California and for A+ Anodizing in Pennsylvania.

On May 7, 2008, plaintiff served the complaint on defendants Planet Eclipse and A+ Anodizing. He served defendant Worr Game on May 19, 2008. On May 13, 2008, counsel for defendant A+ Anodizing called plaintiff's counsel and learned that plaintiff had lost an eye. Defendant's counsel confirmed the conversation regarding plaintiff's injuries by email later.

When defendant Planet Eclipse's counsel contacted plaintiff's counsel on June 11, 2008, it too learned that plaintiff had lost an eye. Defendant Planet Eclipse filed a notice of removal on June 20, 2008, approximately 43 days after it had been served with the complaint.

OPINION

A. <u>Removal</u>

Any defendant may remove to federal court an action brought in a state court that would be within the jurisdiction of a federal court, 28 U.S.C. § 1441(a), provided that the

3

defendant complies with the necessary procedural requirements. 28 U.S.C. § 1446. Among other things, the defendant must file the notice of removal within thirty days after receiving a copy of the initial pleading setting forth the claim for relief upon which the action is based. Id. If the case stated by the initial pleading is not removable, the defendant may file a notice of removal within thirty days of receiving a copy of an amended pleading or other paper that first gives the defendant notice that the case is one that is removable.

In this case, defendant Planet Eclipse maintains that the thirty-day period for filing a notice of removal has never started running because it has never received written notice of the removability of the case. Receipt of the pleadings was not enough, it says, because, in conformity with Wisconsin law, plaintiff did not assert the amount of money he is seeking, Wis. Stat. § 802.02. (Neither side suggests that the complaint did not include information indicating that plaintiff's citizenship was diverse from defendants'.)

The Court of Appeals for the Seventh Circuit has yet to say whether an initial pleading starts the running of the thirty-day period under § 1446(b) if it does not contain a specific allegation of damages in excess of the jurisdictional minimum. In the absence of appellate direction to the contrary, I am inclined to agree with the district courts that have held that the thirty-day period starts when removal is "intelligently ascertainable" or when the initial pleading contains conspicuous clues that removal under diversity jurisdiction is a likely possibility. Kuhn v. Brunswick Corp., 871 F. Supp. 1444, 1446 (N.D. Ga. 1994) (citing

4

Perimeter Lighting, Inc. v. Karlton, 456 F. Supp. 355, 358 (D.C. Ga. 1978)); Kanter & Eisenberg v. Madison Assocs., 602 F. Supp. 798, 801 (N.D. Ill. 1985).

Such clues may come from the plaintiff's demand for a specific amount of damages, but that is not the only possible source.  In many instances, the grounds for removal can be ascertained from such clues in the initial pleading as the nature of the claims, other allegations in the complaint or information that the defendant possesses.  E.g., Town of Ogden Dunes v. Siwinski, No. 2:08-CV-78 PS, 2008 WL 1804104, at *3 (N.D. Ind. Apr. 17, 2008) (finding that complaint provided several clues to amount of damages plaintiff would seek and concluding that defendant would have known exactly how much money was in dispute because he held records to support damages); Accurate Transmission Service, Inc. v. United States, 225 F.R.D. 587, 590 (E.D. Wis. 2004) (holding that government had information it needed to intelligently ascertain removability as soon as it received notice of receivership because it knew that receiver had been appointed and that federal tax lien existed).

Although waiting may be appropriate when the initial pleading makes removal clearly impossible, such as when it is clear from the face of the complaint that there is a lack of complete diversity or an *ad damnum* clause for less than the jurisdictional minimum, that is not the case here.    The availability of removal is intelligently ascertainable from plaintiff's complaint.  Defendants have failed to prove otherwise.  Plaintiff's complaint contained

5

conspicuous clues that should have alerted defendants as soon as they received the complaint. Although plaintiff did not specify the amount of damages sought in his complaint, Wis. Stat. § 802.02(1m)(a), he alleged that he had suffered personal injuries as a result of using his paintball gun and he alleged that defendants Planet Eclipse, Worr Game and A+ Anodizing had liability insurance through unnamed companies.  The nature of plaintiff's suit, that is, a personal injury and product liability suit involving injury from use of a paintball gun, made it reasonable to infer that plaintiff would be seeking more than $75,000 in damages.

Even if the complaint by itself did not give defendants the information they needed to seek removal, it gave them enough to suggest strongly that removal would be possible.  As their own actions proved, they needed only to make a single telephone call to counsel to learn that plaintiff had lost an eye; at that point, they would have had a good faith belief that the damages would exceed $75,000.

Defendant Planet Eclipse failed to act promptly after its receipt of a complaint that would have alerted any reasonable lawyer to the possibility of removal.  It filed a notice of removal that was untimely under § 1446(b).  Accordingly, this case must be remanded to the Circuit Court for Polk County, Wisconsin.

## B. Costs

Plaintiff requests an award of costs and actual expenses, including attorney fees, under

6

28 U.S.C. § 1447(c). Since 2005, the standard for awarding attorney fees under § 1447(c) is whether the "removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007), the Court of Appeals for the Seventh Circuit held that a defendant had an objectively reasonable basis for removal "if clearly established law did not foreclose a defendant's basis for removal . . . ." Consequently, the district court should not order payment of costs and actual expenses to the non-removing party when the existing case law on the subject does not establish clearly that removal is unwarranted.

This case falls into the same category as those cases in which remand is appropriate, but an award of attorney fees is not. Defendants' attempt at removal was not foreclosed by clearly established law. The Court of Appeals for the Seventh Circuit has yet to decide whether an initial pleading is removable when it contains the addresses of the defendants, suggesting that their citizenship is diverse from plaintiff's, but does not contain any mention of the amount of damages at stake. Although some district courts within the Seventh Circuit have ruled on this issue, "[d]istrict court decisions . . . do not render the law clearly established." Lott, 492 F.2d at 793. Because the law on this issue is not clearly established, I will not award costs and attorney fees to plaintiff.

7

ORDER

IT IS ORDERED that:

1. Plaintiff Justin M. Vanderwerf's motion to remand (dkt. #9) is GRANTED and this case is REMANDED to the Circuit Court for Polk County, Wisconsin. The clerk of court is directed to transmit the record promptly to the Circuit Court for Polk County.

2. Plaintiff's motion for costs and attorney fees is DENIED.

Entered this 25th day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge